989 F.2d 508
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Lee SACK, Plaintiff-Appellant,
v.
ST. FRANCIS HOSPITAL, Benjamin G. Benner, Karl N. Detwiler,
Harold Dunlap, Chrys W. Corcoran, John C. Sacra,
Unknown Security Guard, Unknown Medical
Person, Defendants-Appellees.
 No. 92-5106.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The Plaintiff David Lee Sack appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint in which he alleged that the Defendants St. Francis Hospital and various hospital employees violated the Fourth and Fourteenth Amendment by taking his blood without his consent, and that the Defendants were negligent by treating him with indifference while he was confined to the hospital. The Defendants sought dismissal for the reasons that they were not state actors and no Constitutional violations occurred. After a United States Magistrate Judge recommended that the Motion to Dismiss be granted, the parties filed numerous motions and briefs which initially resulted in the dismissal of the action. However, the United States District Court for the Northern District of Oklahoma later vacated the dismissal and rescheduled for oral argument. Prior to the oral argument, the district court was informed that a related case filed by Mr. Sack had been adjudicated in a different venue. Consequently, the district court dismissed Mr. Sack's § 1983 claims based on res judicata and collateral estoppel and refused to consider the remaining state law negligence claim pursuant to the Supplemental Jurisdiction Act, 28 U.S.C. § 1367. We affirm.
 
 
 3
 Mr. Sack was involved in an automobile accident that resulted in the death of the driver of the other vehicle. Mr. Sack was injured in the accident and was thereafter transported to the Defendant St. Francis Hospital. While at the hospital, a police officer instructed a nurse to take blood from Mr. Sack as he had probable cause to believe that Mr. Sack was intoxicated. The nurse extracted the blood despite apparent protestations by Mr. Sack. Subsequently, Mr. Sack pleaded guilty to second degree murder and knowingly possessing an Oklahoma driver's license with a photograph of a person other than the named person.
 
 
 4
 Because Mr. Sack has appealed pro se, we construe his claims liberally. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.). In so doing, we have determined that the primary thrust of his appeal is that his Constitutional rights were violated because his blood was removed prior to his arrest in contravention of Oklahoma state law. We find that this issue is precluded from review by this panel pursuant to the doctrine of collateral estoppel.
 
 
 5
 Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Murdock v. Ute Indian Tribe of Uintah and Ouray Reservation, 975 F.2d 683, 686 (10th Cir.) (quoting Allen v. McCurry, 449 U.S. 90, 94 (citation and footnote omitted)). In the Tenth Circuit collateral estoppel requires that the following four criteria be met:
 
 
 6
 "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."
 
 
 7
 Id. at 687 (citations omitted).
 
 
 8
 Prior to commencing the action that is the subject of this appeal, Mr. Sack filed a similar § 1983 complaint in the United States District Court for the Eastern District of Oklahoma alleging that his civil rights were violated by numerous police officers. In particular Mr. Sack claimed that Officer Lowder violated his Fourth Amendment right against unlawful searches and seizures when the officer directed the St. Francis Hospital nurse to take his blood sample.
 
 
 9
 The district court dismissed Mr. Sack's complaint, finding that Officer Lowder was entitled to qualified immunity:
 
 
 10
 "[I]t cannot be said that defendant Lowder violated the clearly established rights of plaintiff. Following the automobile accident, plaintiff was arrested for, among other reasons, driving under the influence. Oklahoma law allows for the taking of an arrested individual's blood test, over his objection, in such circumstances as are present here."
 
 
 11
 Order Granting Defendants' Motion to Dismiss, filed July 10, 1991. See Okla.Stat. tit. 47, §§ 751(A) and 753 (1988) (allowing the taking of blood, without consent, after an arrest for among other things driving under the influence). In Sack v. Lowder, 951 F.2d 1260 (10th Cir.), we affirmed for substantially the same reasons as set forth in the district court's disposition of the matter, noting that the district judge's rationale was documented in two commendably thorough orders.
 
 
 12
 We now turn to the four elements of collateral estoppel, which we find are squarely met in this case. First, the issue presented, whether Mr. Sack's blood was removed after his arrest as required by Oklahoma law, is identical in both actions. Second, this issue has been finally adjudicated on the merits because the district court's finding in the prior action that Mr. Sack's blood was taken after he was arrested was necessary to the court's ultimate holding that the Defendant officer had not violated Mr. Sack's clearly established statutory or Constitutional rights and was therefore entitled to qualified immunity. See Murdock, 975 F.2d at 687 (adjudication on the merits requires the adjudication to be necessary to the judgment). In addition, we affirmed the district court's dismissal of the prior action. See Okusami v. Psychiatric Institute of Washington, 959 F.2d 1062, 1066 (D.C.Cir.) (Rule 12(b)(6) dismissal is resolution on the merits). Third, Mr. Sack is the same party in both actions. Fourth, there are no allegations nor any facts indicating that Mr. Sack was deprived a full and fair opportunity to litigate this issue. Consequently, we hold that collateral estoppel precludes our review of the underlying issue supporting Mr. Sack's § 1983 claim.
 
 
 13
 On appeal, Mr. Sack has also raised several miscellaneous claims concerning the district court's refusal to consider the pendent state claim of negligent medical treatment and the failure of the district court to consolidate this case with the prior action in the Eastern District of Oklahoma or alternatively to reopen the prior case. After carefully reviewing the record, we must conclude that the district court did not abuse its discretion by refusing jurisdiction over the negligence claim and that Mr. Sack's other allegations are meritless.
 
 
 14
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3