992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carroll Richard OLSON, Plaintiff-Appellant,
v.
STATE OF KANSAS; Bourbon County, Kansas; Harold Coleman,
Sheriff; Paul Chris Nelson, County Attorney; Gerald W.
Hart, Judge; Richard Smith, Judge; Alec Beth,
Administrator of Southeast Regional Correctional Facility;
Robert Stephan, Attorney General of Kansas; Gary Stotts,
Warden of LCF, Lansing, Kansas, Defendants-Appellees.
 No. 92-3151.
 United States Court of Appeals, Tenth Circuit.
 April 16, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Carrol Richard Olson complained he was illegally transferred from the Lansing Correctional Facility to the Southeast Kansas Regional Correction Facility (SERCF), in violation of 42 U.S.C. §§ 1983 and 1985, and of Kan.Stat.Ann. §§ 60-1501 and 60-1507. He also complained of the conditions of confinement at SERCF. Finally, he alleged that defendants conspired to deprive him of his civil rights because he is Jewish. The district court dismissed the complaint. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm for substantially the same reasons stated by the district court.
 
 
 3
 In his complaint, which he filed thirteen days after he was transferred to SERCF, Olson claimed he had not been informed of the reason for the transfer, and had not been allowed, at that point, to speak to an attorney or a judge. From Olson's brief on appeal it is apparent that Olson now knows he was transferred to appear at civil and criminal proceedings which had been filed against him. He claims, however, that the state is precluded by the Speedy Trial Act and the Detainers Act[1] from pursuing the criminal charges that had been filed more than a year before he was transferred. He requests this court to order the state to dismiss the charges and release him from SERCF. We find no error in the district court's refusal to address these claims because there is no indication that Olson has presented these allegations of error to the state court. United States v. Castor, 937 F.2d 293, 296-97 (7th Cir.1991) (for comity reasons federal courts may require detainees incarcerated by the state, awaiting trial, to exhaust speedy trial claims in state court before seeking writ of habeas corpus). Likewise, we find no error in the district court's failure to address Olson's claim that the state charges are false because Olson has not demonstrated that he exhausted this claim in state court.
 
 
 4
 Regarding Olson's final claim on appeal, we agree with the district court that allegations of conspiracy to deprive Olson's constitutional rights on the basis of his religion are conclusory and not credible. Therefore, the district court appropriately dismissed the § 1985 claim.
 
 
 5
 Olson's motion to proceed in forma pauperis is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We assume Olson is referring to the Interstate Agreement on Detainers Act, 18 U.S.C. app. 2. Olson fails to explain how his transfer to SERCF resulted in a violation of this act. Therefore, we do not address this claim on appeal. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991) (although pro se pleadings are construed liberally, pro se plaintiff has burden of alleging facts sufficient to state cognizable legal claim)