**Kenneth E. HALL, Jr.,**
**Plaintiff–Appellant,**

v.

**Henry BELLMON, Governor; Robert H. Henry, Attorney General; Gary Maynard; Steven Kaiser; Captain E. Smith; Sgt. B. Jones; Buddy Honaker; Two Unnamed Guards, Defendants–Appellees.**

**No. 90–6326.**

United States Court of Appeals,
Tenth Circuit.

June 3, 1991.

Kenneth E. Hall, Jr., pro se.

Robert H. Henry, Atty. Gen. of Okl., and Karin M. Kriz, Asst. Atty. Gen. of Okl., Oklahoma City, Okl., for defendants-appellees.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

LOGAN, Circuit Judge.

Pro se plaintiff Kenneth E. Hall, Jr. appeals the district court's dismissal of his claim that the policies and procedures of the Lexington Assessment and Reception Center (LARC), as well as the actions of LARC employees, violated his First Amendment right to free exercise of religion. He contends that the district court applied the wrong legal standards in dismissing his case, improperly relied on evidence not in the pleadings, and failed to give proper notice and opportunity for discovery.[1]

I

Because all are relevant to our discussion of the issues, we summarize here the procedure and law applicable to the three most common pretrial points at which a district court may dispose of a pro se complaint.

A

First, if the plaintiff is proceeding in forma pauperis, a court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). A § 1915(d) dismissal may be sua sponte when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Henriksen v. Bentley*, 644 F.2d 852, 854 (10th Cir.1981); *see also Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).[2] The term "frivolous" refers to "the inarguable legal conclusion" and "the fanciful factual allegation." *Neitzke*, 490 U.S. at 325, 109 S.Ct. at 1831. The purpose of § 1915(d) is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate. . . ." *Id.* at 327, 109 S.Ct. at 1832–33.

In contrast to Fed.R.Civ.P. 12(b)(6), which authorizes dismissal whenever a complaint fails to state a claim on which relief can be granted "without regard to whether [the claim] is based on an outland-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8. The cause is therefore ordered submitted without oral argument. .

2. The court may dismiss pursuant to § 1915(d), even if defendants have sought dismissal on Rule 12(b)(6). *Taylor v. Wallace*, 931 F.2d 698, 700 (10th Cir.1991).

ish legal theory or on a close but ultimately unavailing one," § 1915(d) authorizes dismissal of "a claim based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1833. "[W]henever a plaintiff states an *arguable* claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect." *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991) (emphasis in original) (citing *Neitzke*, 490 U.S. at 328, 109 S.Ct. at 1833). Examples of claims based on inarguable legal theories include those against which the defendants are undeniably immune from suit and those alleging an infringement of a legal interest that clearly does not exist. *Neitzke*, 490 U.S. at 327, 109 S.Ct. at 1832–33.

Section 1915(d) also gives the district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Clearly baseless factual allegations are those that are "fantastic" or "delusional." *Id.* at 327–28, 109 S.Ct. at 1832–33. The concern that pro se litigants have notice and opportunity to avoid dismissal of their legitimate claims by amending and supporting their pleadings militates against equating § 1915(d) and Rule 12(b)(6) standards, *id.* at 329–30, 109 S.Ct. at 1834; that same concern forbids equating § 1915(d) and Fed.R.Civ.P. 56 summary judgment standards. A plausible factual allegation, even if it lacks evidentiary support, is not "frivolous" as contemplated by § 1915(d), even though it may not survive a motion for summary judgment.

■ When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison officials (referred to as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims. *Martinez v. Aaron*, 570 F.2d 317, 318–19 (10th Cir.1978); *see also Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir.1987). Telephone evidentiary hearings before a judge or magistrate may serve the same purpose as a *Martinez* report. *Gee*, 829 F.2d at 1008. Although a court may consider the *Martinez* report in dismissing a claim pursuant to § 1915(d), *id.* at 1007, it cannot resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with pleadings or affidavits. *Reed v. Dunham*, 893 F.2d 285, 287 n. 2 (10th Cir.1990); *El'Amin v. Pearce*, 750 F.2d 829, 832 (10th Cir.1984); *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir.1983). A bona fide factual dispute exists even when the plaintiff's factual allegations that are in conflict with the *Martinez* report are less specific or well-documented than those contained in the report. Because pro se litigants may be unfamiliar with the requirements to sustain a cause of action, they should be provided an opportunity to controvert the facts set out in the *Martinez* report.

B

■ Second, the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 76, 107 L.Ed.2d 43 (1989). A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Meade*, 841 F.2d at 1526; *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986). If matters outside the pleadings are considered by the court, the Rule 12(b)(6) motion is treated as a motion for summary judgment and disposed of pursuant to Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b); *Reed*, 893 F.2d at 287 n. 2. Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, giving

plaintiff notice and opportunity to amend his complaint, a court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *McKinney*, at 365 (citations omitted).

A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.[3] At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. Not every fact must be described in specific detail, *Conley*, 355 U.S. at 47, 78 S.Ct. at 102–03, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint, *Reynoldson v. Shillinger*, 907 F.2d 124, 126–27 (10th Cir.1990). Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, —— U.S. ——, 110 S.Ct.

871, 107 L.Ed.2d 954 (1990); *Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir.1983); *Clulow v. Oklahoma*, 700 F.2d 1291, 1303 (10th Cir.1983), *overruled on other grounds sub nom, Garcia v. Wilson*, 731 F.2d 640 (10th Cir.1984), *aff'd*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir.1981); *Lorraine v. United States*, 444 F.2d 1, 2 (10th Cir.1971). This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations. *Dunn*, 880 F.2d at 1190 (quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984)).

## C

Third, the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A motion for summary judgment that is supported by affidavits or other materials provided under oath gives the adverse party notice that summary judgment is possible; the adverse party must respond with affidavits or other evidence to show a genuine issue of material fact. *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1139 (10th Cir.1985). A motion to dismiss pursuant to Rule 12(b)(6) is treated as a motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity

---

**3.** The *Haines* rule applies to all proceedings involving a pro se litigant, including § 1915(d) and summary judgment proceedings. *See, e.g., Reed*, 893 F.2d at 286 (liberally construing pleadings dismissed under § 1915(d)); *Overton v. United States*, 925 F.2d 1282 (10th Cir.1990) (liberally construing pro se pleadings in review

of summary judgment). In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. *See, e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir.1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir.1985).

to respond as provided in Rule 56.[4] Fed.R. Civ.P. 12(b); *Reed*, 893 F.2d at 287 n. 2. "The provisions of Rule 56(c) for notice to the opposing party and an opportunity for him to serve opposing affidavits are mandatory. Noncompliance therewith deprives the court of authority to grant summary judgment." *Torres v. First State Bank of Sierra County*, 550 F.2d 1255, 1257 (10th Cir.1977) (citation omitted). Furthermore, " '[d]istrict courts must take care to insure that *pro se* litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings.' " *Jaxon*, 773 F.2d at 1140 (quoting *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir.1984)); *see also Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975) (pro se plaintiff should "be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him").

Material factual disputes cannot be resolved at summary judgment based on conflicting affidavits.[5] *See, e.g., Sampley*, 704 F.2d at 496. To come within the protection of this rule, however, the nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient. *See* Fed.R.Civ.P. 56(e); *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir.1989). Likewise, only *material* factual disputes preclude summary judgment; factual disputes about immaterial items are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Affidavits or other evidence offered by a nonmovant must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmovant, it is not enough that the evidence be "merely colorable" or anything short of "significantly probative." *Id.* at 249–50, 106 S.Ct. at 2510–11. This is because when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine issue for trial.' " *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968)).

A *Martinez* report is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence. *See Sampley*, 704 F.2d at 493 n. 3. The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury. *Jaxon*, 773 F.2d at 1139 n. 1 (citing, *inter alia, Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.1980)) ("In certain circumstances a verified pleading may itself be treated as an affidavit in support of a motion for summary judgment, but only if it satisfies the standards for affidavits set out in Rule 56(e).").

## II

In the instant case, plaintiff, a state prisoner, alleges three separate violations of his First Amendment right to free exercise of religion while an inmate at LARC, in that LARC officials (1) confiscated his medicine bag and talisman, which are used in the practice of his Native American religion; (2) improperly destroyed the medicine bag and talisman; and (3) cut his hair, without giving him an opportunity to apply

---

4. We will treat a dismissal as proper under Rule 12(b) even when the district court does not exclude materials outside the pleadings if the court does not refer to or rely on the outside materials in its order and if, as a matter of law, the complaint is insufficient. *Childers v. Independent School Dist. No. 1 of Bryan County*, 676 F.2d 1338, 1340 (10th Cir.1982); *Torres v. First State Bank of Sierra County*, 550 F.2d 1255, 1257 (10th Cir.1977).

5. A movant is not always required to come forward with affidavits or other evidence to obtain summary judgment; once the movant points out an absence of proof on an essential element of the nonmovant's case, the burden shifts to the nonmovant to provide evidence to the contrary. *See Celotex v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

for an exemption, in violation of his religious beliefs.

In a thorough memorandum opinion, the district court considered and dismissed each of plaintiff's claims pursuant to Fed. R.Civ.P. 12(b)(6). Plaintiff contends that the district court improperly dismissed his complaint as frivolous under § 1915(d). Although the court did say that it had *"also reviewed the complaint under 28 U.S.C. § 1915(d),"* R. tab 52 at 2–3 (emphasis added), it never characterized plaintiff's claims as frivolous. The only plausible reading of the district court's opinion is that the court dismissed plaintiff's case for failure to state a claim on which relief can be granted.

### A

Plaintiff argues that his claim regarding confiscation of his religious items should not have been dismissed because the court considered and referred to the *Martinez* report.[6] As noted above, when the court does not exclude materials outside the pleadings, a Rule 12(b)(6) motion is treated as one for summary judgment and the plaintiff must be given notice and the opportunity to respond with affidavits or similar evidence. Fed.R.Civ.P. 12(b); *Reed,* 893 F.2d at 287 n. 2. Here, plaintiff was not provided with the notice and opportunity to respond required by Fed.R.Civ.P. 56.

■■■ We hold, however, that in particular circumstances the *Martinez* report may be considered part of the pleadings for purposes of Fed.R.Civ.P. 12(b). A written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal. Fed.R.Civ.P. 10(c); *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986); *Sullivan v. United States,* 788 F.2d 813, 815 n. 3 (1st

Cir.1986); *Quiller v. Barclays Am./Credit, Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984), *cert. denied,* 476 U.S. 1124, 106 S.Ct. 1992, 90 L.Ed.2d 673 (1986); *Amfac Mortgage Corp. v. Arizona Mall of Tempe,* 583 F.2d 426, 429–30 (9th Cir.1978). One circuit court, however, has held that affidavits, in contrast to other written documents attached to the complaint, may not be considered in dismissing under Fed.R.Civ.P. 12(b)(6). *Rose v. Bartle,* 871 F.2d 331, 339–40 n. 3 (3d Cir.1989); *contra Schnell v. City of Chicago,* 407 F.2d 1084, 1085 (7th Cir.1969) (holding that affidavits attached to the complaint are part thereof). The *Martinez* report is often treated like an affidavit. *See, e.g., Sampley,* 704 F.2d at 493 n. 3. Further, here the *Martinez* report was attached not to plaintiff's complaint, but to defendants' brief in support of their motion to dismiss. *See Goldman v. Belden,* 754 F.2d 1059, 1066 (2d Cir.1985) (holding Rule 12(b)(6) consideration of documents attached to defendants' motion to dismiss improper).

Nevertheless, we have authorized the district courts to require a *Martinez* report to develop a basis for determining whether a prisoner plaintiff has a possibly meritorious claim. The purpose of the *Martinez* report is to identify and clarify the issues plaintiff raises in his complaint. *Martinez,* 570 F.2d at 319; *Gee,* 829 F.2d at 1007. It also aids the court in its broad reading of the pro se litigant's pleadings under *Haines,* 404 U.S. at 520–21, 92 S.Ct. at 595–96, by supplementing a plaintiff's often inadequate description of the practices that he contends are unconstitutional. *See Gee,* 829 F.2d at 1007. When the plaintiff challenges a prison's policies or established procedures and the *Martinez* report's description of the policies or procedures remains undisputed after plaintiff has an opportunity to respond, we should, and will, treat the portion of the *Martinez* report

---

6. The court requested LARC officials to investigate plaintiff's claims and prepare a *Martinez* report. The court found the original report, which was filed with defendants' brief in support of their motion to dismiss, R. tab 35, to be deficient in certain respects and ordered defendants to prepare a supplemental report, R. tab

41 at 3 and 4. The supplemental report was filed with defendants' supplemental brief in support of their motion to dismiss. R. tabs 44, 45. The court referred to both reports in its Memorandum Opinion of September 28, 1990. R. tab 52. The term *"Martinez* report" is used here to mean both reports taken together.

describing the policies or procedures like a written document that has been attached to plaintiff's complaint. Thus, the court appropriately considered the *Martinez* report.

■ In the instant case, plaintiff essentially is challenging a policy of the LARC not to allow prisoners to have sharp items that can be used as weapons or items that can be worn around the neck, which can be used to choke inmates or guards or to commit suicide. Plaintiff's talisman is a sharp bear tooth necklace, and his medicine bag has a thong which could be used for wearing around the neck. The court referred only to those portions of the *Martinez* report that describe the challenged policy and the reasons for it; the court does not use the report to resolve factual issues or to find that there are no disputed facts. Plaintiff had the opportunity to respond to the *Martinez* report, R. tab 37, and he did respond, R. tabs 40 & 47. He does not challenge the *Martinez* report's description of the policy or its reasons; instead he disputes the reasonableness of the policy in light of his constitutional right to free exercise of his religion, a legal question appropriately resolved in a 12(b)(6) ruling.

Although plaintiff retains his fundamental right to practice his religion in prison, prison regulations may constitutionally impinge on plaintiff's right if "the regulation is 'reasonably related to legitimate penological interests.'" *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 1037, 108 L.Ed.2d 178 (1990) (quoting *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987)); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 2405–05, 96 L.Ed.2d 282 (1987); *Dunn*, 880 F.2d at 1197. *Turner* set forth four factors that the court is to consider in reviewing a challenged prison regulation. "First, there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it.... A second factor ... is whether there are alternative means of exercising the right that remain open to prison inmates.... A third consideration is the impact ac-

commodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally.... Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation."

*Turner*, 482 U.S. at 89–90, 107 S.Ct. at 2262 (citations omitted).

The district court found that the LARC regulations which prohibit any inmate from possessing sharp objects or items that can be worn around the neck, including religious items, were, on their face, reasonably related to the legitimate penological interest in protecting the safety of other inmates and prison personnel and preventing suicide attempts. The court also noted that the regulations guarantee inmates other avenues for the practice of their respective religions, including Native American beliefs. We are convinced that the district court correctly applied the proper standards and that plaintiff cannot state a claim for relief on the facts alleged.

### B

■ Plaintiff also challenges the dismissal of his claim for the destruction of his religious items. The district court found that plaintiff must allege intentional destruction of his property to sustain a § 1983 action and that plaintiff's conclusory allegations of intent are insufficient. We agree. A valid claim for loss of prisoner's property in violation of the Due Process Clause of the Fourteenth Amendment must include allegations of deliberate conduct by state actors. *See Daniels v. Williams*, 474 U.S. 327, 333–34, 106 S.Ct. 662, 666–67, 88 L.Ed.2d 662 (1986); *Archuleta v. McShan*, 897 F.2d 495, 497–99 (10th Cir.1990). Although plaintiff need not allege every element of his action in specific detail, *Conley*, 355 U.S. at 47, 78 S.Ct. at 102–03, he cannot rely on conclusory allegations, *Dunn*, 880 F.2d at 1197; *Sooner Products*, 708 F.2d at 512; *Clulow*, 700 F.2d at 1303; *Wise*, 666 F.2d at 1333; *Lorraine*, 444 F.2d at 2. Plaintiff's mere words "with malous [sic] and forthougth [sic]" are insufficient without any facts to

support the conclusion. Plaintiff has not even presented his theory as to why defendants would intentionally destroy his property.

## C

 Finally, we consider the dismissal of plaintiff's claim regarding the cutting of his hair in violation of his religious beliefs. LARC policy requires that the hair of all new inmates be cut. The justifications advanced to support the requirement, that we believe have merit, are that it prevents inmates from hiding weapons in long hair and from easily changing their appearance should they escape, and it facilitates good hygiene. The court found the policy, as set forth in the *Martinez* report, reasonably related to a legitimate penological interest. The nature of the policy is undisputed, and plaintiff had the opportunity to respond. Thus, the district court properly considered this portion of the *Martinez* report as if it were part of plaintiff's complaint.

The district court also appears to have accepted the *Martinez* report's assertions that LARC's status as an intake facility, in which inmates stay only ten days on average, makes an exemption process for religious beliefs unfeasible. The lack of alternatives to a regulation that otherwise violates a prisoner's constitutional rights is relevant to determining the validity of the regulation. *Turner*, 482 U.S. at 90, 107 S.Ct. at 2262. Whether the existence of alternatives to the regulation renders the regulation unreasonable is a legal question appropriately resolved on a Rule 12(b)(6) motion.

Plaintiff disputes defendants' assertion that there is no reasonable opportunity for religious exemptions to the haircut requirement. He states that he was an inmate at LARC for thirty-one days, which was the norm at the time his hair was cut—in contrast to the *Martinez* report's ten days. R. tab 47 at 2. Thus, if the time difference is important to a determination whether an exemption process for religious beliefs is feasible, the district court, by accepting the ten-day average stay assertion in the *Mar-*

*tinez* report, has improperly resolved a factual dispute more properly the subject of a summary judgment proceeding or a trial.

We do not believe, however, that the ten-day, thirty-one-day difference is legally significant. LARC is still a temporary detention facility, receiving and processing for redeployment to other facilities many inmates incarcerated for different crimes. That some or even many are kept for a month does not require, we hold, establishment of a haircut exemption procedure. Thus, the district court permissibly rejected this claim under a 12(b)(6) ruling.

AFFIRMED.