946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Albert Edward PEARSON, Jr., Plaintiff-Appellant,
v.
The CITY AND COUNTY OF DENVER, Defendant-Appellee.
 No. 91-1108.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Albert Edward Pearson brought this pro se civil rights action asserting nine claims against the City and County of Denver for alleged violations of his constitutional rights. The district court dismissed the complaint upon concluding that Pearson had failed to allege that his injuries were caused by the execution of Denver's policies or customs. We affirm.
 
 
 3
 A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991). We must presume the factual allegations to be true and construe them most liberally in the plaintiff's favor. Id. Moreover, we construe a pro se litigant's pleadings broadly and hold them to less stringent standards than those applicable to pleadings drafted by lawyers. Id. at 1110.
 
 
 4
 Even under the liberal standards set out above, we conclude that dismissal here was proper. As the district court pointed out, deprivations of constitutional rights occurring under color of state law are remediable under 42 U.S.C. § 1983 (1988), and a municipality is amenable to suit under that statute. In order to state a claim against a municipality, however, a plaintiff must allege that the challenged actions were taken in execution of an official policy or custom, see Monell v. New York Dep't of Social Servs., 436 U.S. 658, 694 (1978), as articulated by final policymakers, see Ware v. Unified School Dist., 902 F.2d 815, 817 (10th Cir.1990) (on rehearing).
 
 
 5
 Here Pearson asserts nine claims for relief, six of which appear to be in connection with proceedings related to his arrest for assault and disturbing the peace, two of which appear to be related to his divorce proceeding, and one of which seeks exemplary damages for all the claims. Pearson alleges constitutional violations arising from his failure to receive Miranda warnings on two occasions, his failure to be placed on a personal recognizance bond and to be given an attorney of his choice, his failure to receive a speedy trial, his incarceration beyond the sentence imposed, the ex parte modification of his probation conditions, his failure to receive a jury trial in his divorce proceeding, and the denial of an unidentified motion he filed in that proceeding. In none of these claims does Pearson make any allegations that could be construed as asserting that the acts complained of were taken in implementation of an official policy.
 
 
 6
 In material filed after the district court dismissed the action, Pearson asserts that his suit is a challenge to Denver's domestic violence policy. However he has failed to allege any facts which tend to demonstrate the required direct causal link between the alleged constitutional violations and that policy. See Ware, 902 F.2d at 817.
 
 
 7
 Accordingly, we conclude that Pearson has failed to state a claim under section 1983 against the City and County of Denver.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3