999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mack Willie THOMAS, Plaintiff-Appellant,
v.
Richard DUTROW, Phil Miller, Jeremy Perkins, Morris
Sandstead, Valerie Spiers, Linda Wickman, Sandy Long, Susan
Frey Thomas, Alex Hunter, Gregory Corrie, Larry Stallculp,
Sharon Devries, Polly Mohoney, Jane Paquette, George Epp,
Rodney Frey, Monte Sanders, Matthew Frey, Ken Sunberg,
Defendants-Appellees.
 No. 92-1362.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Mack Willie Thomas appeals a district court order dismissing his claims brought principally under 42 U.S.C. § 1983. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 Thomas was convicted in Colorado of sexually assaulting M.F., the son of his ex-wife, Susan Frey-Thomas ("Case 85-CR-737"). His conviction was affirmed on appeal, but the trial court vacated his conviction and ordered a new trial after granting Thomas's motion for post-conviction relief. Eventually, the prosecution dismissed the case on February 28, 1991. In a related case, Thomas was convicted of sexually assaulting his daughter, L.T., and a neighbor boy, J.P. ("Case 85-CR-736"). The Colorado Supreme Court ultimately affirmed that conviction, see Thomas v. People, 803 P.2d 144 (Colo.1990), and the trial court denied Thomas's motion for post-conviction relief.
 
 
 4
 In August 1992, Thomas bought this pro se action against a number of defendants, alleging a conspiracy to maliciously prosecute him by use of fabricated evidence in violation of his constitutional rights. A magistrate judge recommended that the complaint be dismissed. The magistrate reasoned that four of the defendants--the trial judge and the three prosecutors involved in the two cases--were entitled to absolute immunity. The magistrate further reasoned that the remaining claims against the other defendants were barred by the applicable statutes of limitations. Finally, to the extent that the complaint could be read as a habeas corpus petition, the magistrate concluded that Thomas had failed to demonstrate that he had exhausted his state court remedies. The district court adopted the reasoning of the magistrate and further held that Thomas had failed to plead facts sufficient to state a claim under § 1983.
 
 
 5
 We agree that Judge Sandstead is absolutely immune. We affirm the dismissal of the remaining claims on the ground that Thomas has failed to plead facts sufficient to state a cause of action. Thomas cannot base a claim of malicious prosecution on his prosecution in Case 85-CR-736 because that case has not terminated in his favor. See Robinson v. Maruffi, 895 F.2d 649, 654-55 (10th Cir.1990). Thomas's claims growing out of Case 85-CR-737 are likewise deficient because, read liberally, the complaint does no more that state conclusory allegations of a conspiracy. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). We therefore AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3