1 F.3d 1249
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rick Dean PETRICK, Plaintiff-Appellant,
v.
Larry FIELDS, Dan Reynolds and Joe Praytor, Defendants-Appellees.
 No. 93-6137.
 United States Court of Appeals, Tenth Circuit.
 July 26, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 KELLY, Circuit Judge.
 
 
 1
 Mr. Petrick, an inmate at the Oklahoma State Penitentiary, appears pro se and in forma pauperis and appeals a grant of summary judgment in favor of Defendant prison officials. Mr. Petrick alleges that he has been denied adequate medical attention after being attacked in the prison shower. According to Mr. Petrick, he sought medical attention for these injuries (a cut across two fingers and pain in his right ear from being hit), as well as for lower back pain and a skin rash. I R. doc. 2 at 2. It is uncontroverted that Mr. Petrick received medical attention and treatment; he complains that the medical treatment he received was inadequate (too conservative) and that the Defendants "were negligent in their failure, denial or refusal to have Plaintiff properly examined and treated for his injuries." I R. doc. 25 at 3.
 
 
 2
 We review the district court's grant of summary judgment de novo. We have given Mr. Petrick's pleadings their mandated liberal construction as he appears pro se. See Hall v. Bellmon, 935 F.2d 1106, 1110-11 (10th Cir.1991). Although there is a factual dispute concerning the number of times Mr. Petrick sought treatment, only material factual disputes will preclude summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Under the governing substantive law, Mr. Petrick was required to marshal facts indicative of "deliberate indifference to serious medical needs" to state a constitutional claim, a difference of opinion or even negligence in the diagnosis or treatment of a medical condition is insufficient. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Although Mr. Petrick contends that he is not proceeding under the Eighth Amendment, but rather solely under the Fourteenth Amendment, we believe that the duty he claims that is owed to him by the Defendants is imposed by the Eighth Amendment, as made applicable to the States by virtue of the Due Process Clause of the Fourteenth Amendment. See Helling v. McKinney, 1993 WL 209628, at * 4 (U.S.1993); DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 198-200 (1989).
 
 
 3
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3