16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 FRANK OTERO, Plaintiff-Appellant,
v.
Susan B. LOVING, Ben Loring, District Attorney, George
Russell, Jr., Defendants-Appellees.
 No. 93-5236.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 10, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Frank Otero appeals the dismissal of his action filed under 42 U.S.C.1983 and 1985. The essence of the action was that defendants, as "skilled governmental lawyers," deprived him of his civil rights when they appeared as counsel for governmental officials Otero had sued in a prior civil rights action. Otero claimed the appearance of these defendants in the prior action pitted him against the power of the governments by whom they were employed therefore depriving him of a multitude of rights secured by the Constitution. His complaint was dismissed for failure to state a claim under Fed.R.Civ.P. 12(b). We affirm.
 
 
 3
 Plaintiff's premise is skewed. It is within the legal authority conferred by state law for each defendant in this case to have represented the parties defendant in the prior action. By appearing as counsel, they were merely fulfilling their legal duty. They did not become the state or local government as Otero contends. Plaintiff's suggestion of metamorphoses is simply too frivolous to require analysis. His complaint was properly dismissed. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991).
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----