66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodger Lee ROOSE, Plaintiff-Appellant,
v.
Duane SHILLINGER, Mr. (NFN) Rogers and One Unknown Advisor,
Defendants-Appellees.
 No. 94-8100.
 United States Court of Appeals, Tenth Circuit.
 Sept. 1, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Rodger Roose, a prisoner in the Wyoming prison system, filed this action pursuant to 42 U.S.C. Sec. 1983, seeking damages for the alleged denial of his Spanish Bible while in an isolation cell. The district court sua sponte dismissed his complaint on grounds of frivolousness. We reverse and remand.
 
 
 3
 Following his placement in the isolation cell, Mr. Roose requested access to his Spanish Bible. When he did not receive the Bible, he filed a grievance pursuant to the prison's administrative procedures. The prison chaplain subsequently informed Mr. Roose that he could not give him a Spanish Bible until his release from isolation. See Rec., vol. I, doc. 3 at 2. Although the prison resolved his grievance favorably on May 9, 1994, he did not receive the Bible until after his release from isolation. He claims the delay in deciding the grievance was deliberate in order to keep him from receiving the Bible while he was still in isolation.
 
 
 4
 Mr. Roose then filed this suit for damages, claiming that the delay in allowing him possession of his Bible was deliberate and infringed upon his First and Fourteenth Amendment rights. The federal magistrate, noting that the prison grievance system ultimately awarded Mr. Roose possession of his Bible, recommended dismissal of the action as frivolous under 28 U.S.C. Sec. 1915(d). Upon this recommendation, the district court dismissed the complaint sua sponte.
 
 
 5
 Sua sponte dismissal pursuant to section 1915(d) is permissible only when it is clear from the face of the complaint that the action is frivolous or malicious. Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir.1991). " '[W]henever a plaintiff states an arguable claim for relief, dismissal for frivolousness under Sec. 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect." Id. at 1109 (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir.1991)).
 
 
 6
 The right to freely exercise one's religion survives incarceration. See Cruz v. Beto, 405 U.S. 319, 322 (1972). "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Mr. Roose's claim that the prison deliberately denied him his Spanish Bible while he was in isolation, which we must assume is true, thus requires a court to balance his First Amendment right to possess the Spanish Bible against the penological objectives of prison officials. We note that defendants have yet to file a brief setting forth those objectives. Because we conclude that Mr. Roose has stated an arguable claim for damages sufficient to preclude dismissal under section 1915(d), we REVERSE and REMAND to the district court for further proceedings.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470