113 F.3d 1245
 9 NDLR P 340, 97 CJ C.A.R. 644
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Eric Levanter DEMILLARD, Plaintiff-Appellant,
v.
STATE of Utah; City of Salt Lake City, Utah; Salt Lake
County; Valley Mental Health; West Jordan, Utah Police
Department; City of West Jordan; Utah Public Employees
Association; Kim Beglarian, Officer, University of Utah
Police Department; Karen Besenhofer, 1st year practicum
director, Graduate School of Social Work, University of
Utah; Judy Brady, Instructor/Faculty Member, Graduate
School of Social Work, University of Utah; Craig Brown,
Senior Director of Adult Services, Valley Mental Health
Administration; Nancy Cohn, Psychologist; Gregg Curtis,
Assistant West Jordan City Attorney; David Dangerfield,
Executive Director Valley Mental Health Administration; Kay
L. Dea, Dean, Graduate School of Social Work, University of
Utah; Cathie Delewski, Instructor/Faculty Member, Graduate
School of Social Work, University of Utah; Richard Elbing,
L.C.S.W.; Stephanie Harpst, Instructor/Faculty Member,
Graduate School of Social Work, University of Utah; Steven
Homer, West Jordan City Attorney; Bonnie Lantz, Practicum
Director, Graduate School of Social Work, University of
Utah; Jan Graham, Attorney General; Randy Linnell,
L.C.S.W.; Alan Mendelsohn, Psychologist; Doug Mottonen,
Unit Director, East Valley Office of Valley Mental Health
and also Mental Health Care of Utah; Eric Nielsen, D.S.W.;
Philip K. Palmer, Third Circuit Court Judge; Robin W.
Reese, Third Circuit Court Judge; Jim Ricciardi,
Psychologist; Wayne Shepherd, Chief of Police, University
of Utah Police Department; Ben Lemmon, Officer; Arthur
Smith, President, University of Utah; Larry Smith,
Instructor/Faculty Member and Admission Director, Graduate
School of Social Work, University of Utah; Daniel Waters,
Captain, University of Utah Police Department; O. Lane
Mccotter, Executive Director, Utah State Department Of
Corrections; Beatrice Avery, L.C.S.W.; Scott Carver,
Prison Administrator, Utah State Prison; Jay Leslie, Prison
Administrator, Utah State Prison; Beryl Beckner, L.C.S.W.;
Weston Whatcott, L.C.S.W.; Cheryl Luke, Salt Lake City
Prosecutor; Janice Frost, Assistant Salt Lake City
Prosecutor; Marsha Atkin, Assistant Salt Lake City
Prosecutor; Todd Godfrey, Assistant Salt Lake City
Prosecutor; Ralph Adams, Assistant Attorney General; Ross
Larsen, Investigator; Kaye Coleman, Director, Office of
Equal Opportunity and Affirmative Action; Dennis Hunter,
Counselor, Salt Lake County Pre-Trial Services; Lon Hinde,
Counselor, Salt Lake County Pre-Trial Services; Mauna
Gibson, Counselor, Salt Lake County Pre-Trial Services; R.
Spencer Robinson, Administrative Law Judge; Lou Ann
Jorgensen, Assistant Dean, Graduate School of Social Work,
University of Utah; Department Of Protective Services and
Executive Protection; Ivan Orr, Executive Director, Peace
Officer Standards and Training; Fred Baird, Certification
Supervisor, Peace Officer Standards and Training,
Defendants-Appellees.
 No. 96-4145.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1997.
 
 1
 Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.**
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 BURRAGE, Chief District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Eric Levanter DeMillard brought this action pro se seeking damages for alleged violations of his rights under the Americans with Disabilities Act of 1990 and other federal civil rights laws. The matter was referred to a magistrate judge who concluded that the complaint contained only vague, conclusory allegations lacking sufficient factual details to support plaintiff's claims. The magistrate judge ordered plaintiff to file an amended complaint, provided instructions for filing a factually adequate complaint, and informed plaintiff that not filing an adequate amended complaint could result in dismissal with prejudice. Plaintiff filed an amended complaint. On motions from defendants to dismiss for various reasons including failure to state a claim, the district court concluded that plaintiff had not followed the magistrate judge's instructions and had not filed a complaint with sufficient factual allegations to state any claims against any defendants. The court therefore dismissed the complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff appeals.
 
 
 6
 We review the district court's dismissal for failure to state a claim de novo, see Kidd v. Taos Ski Valley, Inc. 88 F.3d 848, 854 (10th Cir.1996), and construe plaintiff's pleadings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). We have considered plaintiff's arguments and reviewed the record, and we agree with the district court's conclusion that plaintiff failed to allege sufficient facts to state claims against defendants. We therefore affirm the district court's dismissal of this case for substantially the same reasons as stated in the district court's August 8, 1996 order.
 
 
 7
 The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3