**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS STEWART,

    Plaintiff-Appellant,

v.

WALLACE COFFEY; CAMILITA
EDWARDS; JOHNNY WAUQUA;
OSCAR CODOPONY; HARRY
TASSEQUAH; CHERLY LEWIS;
JOHN HARRINGTON; VICKI
SANDERS; GENE REDELK;
SHARROD TABBYTITE; ED
TAHAH; JANICE BIGBEE; RONALD
REDELK; MARY KOOTCH
TENEQUER; MARTHA TURNER;
TINA ANDONIAN; KEN GOODIN;
JUSTIN MUNCY; MARGRIT
OBERLEY; LANNY ASEPERMY;
EDDIE MAHSHEET; SCOTT
CANADAY; JAMES R. BURSOM;
WILLIAM R. NORMAN, JR.; KIRKE
KICKINGBIRD; HOBBS STRAUS
DEAN & WALKER, LLP; LANORA
PARKER,

    Defendants-Appellees.

No. 09-6233

(D.C. No. CV-09-00780-W)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Plaintiff Thomas Stewart, appearing *pro se*, appeals the district court dismissal of his complaint pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

**I.**

On July 22, 2009, Stewart commenced this action by filing a complaint in the United States District Court for the Western District of Oklahoma. In his complaint, Stewart appears to allege that he has suffered various injuries that relate to his work for, and his termination from, the gaming enterprises of the Comanche Nation ("Nation"), a federally recognized Indian tribe. Upon motions from the defendants,[1] the district court dismissed Stewart's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and/or for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P.

---

[1] All defendants joined in filing a motion to dismiss except John Harrington, who filed a separate motion to dismiss.

2

12(b)(6).

In dismissing the complaint, the district court first concluded that it lacked subject matter jurisdiction to entertain Stewart's claims under 28 U.S.C. § 1332 because "[t]here are no allegations in the record from which [to] . . . determine that the parties are of diverse citizenship, and Stewart has not contested the defendants' statement that diversity does not exist in this case." ROA, Vol. 1, at 115. The court then concluded that it lacked subject matter jurisdiction under 28 U.S.C. § 1331 because: (1) as "the regulation, issuance and revocation of tribal gaming licenses falls within the exclusive province of Indian tribes," Stewart's complaint does not contain "sufficient allegations that federal law creates Stewart's causes of action or that his right to relief depends on the construction of a federal statute or the resolution of a substantial question of federal law," id. at 117; (2) the Nation's sovereign immunity bars "Stewart's claims against the individual defendants in their official capacities," id. at 118; and/or (3) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, is inapplicable in light of the fact that it "excludes Indian tribes from coverage," id. at 118-19.

The district court then concluded that pursuant to Fed. R. Civ. P. 12(b)(6), Stewart had also failed to state a claim upon which relief could be granted because: (1) "[t]here are no allegations in the complaint that characterize any individual as either a state actor or federal agent," and thus, Stewart has not stated a plausible claim pursuant to either 42 U.S.C. § 1983 or Bivens v. Six Unknown

3

Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), id. at 121-23; (2) Stewart has not alleged sufficient facts to support a claim of civil conspiracy under 42 U.S.C. § 1985(3), id. at 123-25; (3) Stewart has failed to allege sufficient facts of racial animus to support a claim under 42 U.S.C. § 1982, id. at 125; (4) the Indian Civil Rights Act of 1968, 25 U.S.C. § 1301 et seq., "provides no private federal cause of action under the instant circumstances," id. at 125-26; (5) "[t]here is no express provision authorizing a private cause of action to remedy a violation of [the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 et seq.]," id. at 126; and/or (6) "to the extent that Stewart has complained that certain crimes . . . have occurred . . . . [f]ederal criminal statutes themselves do not provide Stewart a private cause of action, and [§] 1983 and Bivens neither allow a plaintiff to pursue violations of federal or state criminal law nor create a private cause of action to enforce federal or state criminal statutes," id. at 126-27.

Finally, in granting Harrington's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the district court went through much of the same analysis, but also noted that "Harrington is never mentioned in the body of the complaint, and Stewart has advanced no facts that describe Harrington's actions that allow the Court to draw the reasonable inference that Harrington is liable for the misconduct alleged." Id. at 131(quoting Aschcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged.")).

## II.

We review *de novo* the district court's grant of a motion to dismiss where dismissal was requested pursuant to either Rule 12(b)(1), or 12(b)(6). See Colo. Envtl. Coal. v. Wenker, 353 F.3d 1221, 1227 (10th Cir. 2004). Because Stewart appears *pro se*, we construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having conducted our own, independent review of Stewart's pleadings and the record, we conclude that the district court correctly determined that "Stewart's complaint does not allege enough facts to state any claim to relief against any individual defendant in any capacity . . . that is plausible on its face." ROA, Vol. 1, at 127 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.

We AFFIRM the district court's grant of the defendants' motions to dismiss.

Entered for the Court


Mary Beck Briscoe
Circuit Judge