FILED
United States Court of Appeals
Tenth Circuit

November 29, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AGUSTIN SAUCEDO-MURILLO,

Defendant-Appellant.

No. 11-4123

(D. of Utah)

(D.C. Nos. 2:11-CV-00195-TC and
2:06-CR-00615-TC-2)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

---

Austin Saucedo-Murillo, a federal prisoner, seeks a certificate of appealability (COA) to enable him to appeal the district court's finding that his 28 U.S.C. § 2255 petition for a writ of habeas corpus was time-barred and was waived by his plea bargain. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we construe Saucedo-Murillo's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

1991).   We find no reasonable jurist could conclude the district court's dismissal was incorrect.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, we DENY the application for a COA and DISMISS the appeal.

## Background

Pursuant to a plea agreement that contained a provision waiving the right to appeal, Saucedo-Murillo pleaded guilty to one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government dismissed a second count of possession with intent to distribute 1,000 or more marijuana plants, although Saucedo-Murillo confessed to growing more than that on forest service land.  The court sentenced Saucedo-Murillo to ten years in prison followed by five years of supervised release.

## Analysis

The Antiterrorism and Effective Death Penalty Act conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(B).  A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right."  § 2253(c)(2).  When the district court denies a habeas petition on procedural grounds, a COA should issue only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Slack*, 529 U.S. at 484.  Saucedo-Murillo does not satisfy this standard.

First of all, § 2255(f) establishes a one-year statute of limitations for the filing of a habeas petition by a federal prisoner.  Relevant here are subsections (1), which commences the limitations period on "the date on which the judgment of conviction becomes final," and (4), which commences the limitations period on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  § 2255(f)(1), (4).  Saucedo-Murillo's conviction became final on July 16, 2007, and he did not file his § 2255 petition until February 22, 2011, more than two years later.  Saucedo-Murillo pleads no facts which would provide an excuse for this delay.

In addition to untimeliness, Saucedo-Murillo also expressly waived his right to collateral review in his plea bargain, along with his right to direct review:

> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in paragraph 12 of this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined . . . I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, included but not limited to a motion brought under  28 U.S.C. § 2255.

Saucedo-Murillo does not allege any conduct on the part of his attorney which would make this waiver unenforceable.

## Conclusion

For the foregoing reasons, we DENY Saucedo-Murillo's request for a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge
