FILED
United States Court of Appeals
Tenth Circuit

May 29, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON CHRISTOPHER LUJAN,

    Defendant - Appellant.

No. 18-6030
(D.C. Nos. 5:16-CV-00201-M and
5:10-CR-00053-M-1)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Jason Christopher Lujan petitions this court for a Certificate of Appealability

(COA) on his 28 U.S.C. § 2255 motion, which alleges that the district court

erroneously enhanced his sentence under the Armed Career Criminal Act (ACCA).

We deny the COA.

**I**

In June 2010, Lujan pled guilty to: (1) being a felon in possession of a firearm,

and (2) conspiracy to distribute controlled substances. The plea included a waiver of

Lujan's right to pursue a direct appeal or collateral attack, except in limited

circumstances. The probation office prepared a presentence investigation report,

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which stated that Lujan qualified for an enhanced sentence under the ACCA. Lujan objected to the ACCA enhancement. The district court overruled Lujan's objection and imposed a sentence of 324 months' imprisonment on both counts, with the sentences running concurrently. Lujan did not take a direct appeal.

On February 29, 2016, Lujan filed this § 2255 motion. He argued that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court erred when it enhanced his sentence under the ACCA. The district court denied the motion, holding that Lujan had at least four serious drug offenses that "are not affected by the *Johnson* case." ROA at 119. The district court denied a COA on the *Johnson* issue, and Lujan now seeks a COA from this court.

## II

To obtain a COA, Lujan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). In assessing whether Lujan meets this standard, we liberally construe his *pro se* pleadings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even under this view, we conclude that Lujan is not entitled to a COA.

Lujan's § 2255 motion rests on his argument that the district court erroneously enhanced his sentence under the ACCA. The ACCA provides that a person who

2

violates 18 U.S.C. § 922(g) and who has three prior convictions for a violent felony or a serious drug offense is subject to a mandatory minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). In essence, Lujan argues he did not have at least three convictions that were either violent felonies or serious drug offenses.

The district court concluded that Lujan had at least four serious drug offenses. ROA at 119. Specifically, the district court listed the following convictions:

> (1) Conspiracy to distribute [phencyclidine] . . . Case No. CF-1994-2013 (Oklahoma County District Court), sentenced to ten years[,] imprisonment;
>
> (2) Possession of [a controlled dangerous substance] with intent . . . Case No. CF-2003-3368 (Oklahoma County District Court), sentenced to five years' imprisonment;
>
> (3) Possession of [a controlled dangerous substance] with intent . . . Case No. CF-2003-3368 (Oklahoma County District Court, sentenced to five years' imprisonment; and
>
> (4) Possession of [a controlled dangerous substance] with intent, Case No. CF-2003-5134 (Oklahoma County District Court), sentenced to five years' imprisonment.

ROA at 118–19; *see also id.* at 104.[1]

The district court concluded that these four convictions were all "serious drug offense[s]," which Congress defined as:

> an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for

---

[1] The convictions were imposed under Okla. Stat. tit. 63, § 2-401 (1994) and Okla. Stat. tit. 63, § 2-415 (2003). As relevant here, both statutes carried maximum punishments of 10 years or more in prison.

3

which a maximum term of imprisonment of ten years or
more is prescribed by law[.]

18 U.S.C. § 924(e)(2)(A)(ii) (internal citations omitted).  Given that Lujan had at least three "serious drug offense" convictions, as defined by § 924(e)(2)(A), the district court held that it did not err in previously concluding that Lujan was eligible for the ACCA enhancement.

We hold that the district court's conclusion is not debatable and does not deserve further encouragement.  *See Slack*, 529 U.S. at 484.  We thus deny Lujan's petition for a COA.

## III

We therefore **DENY** Lujan's motion for a COA and dismiss this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

4