7 F.3d 1046
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert WIEGHARD, Plaintiff-Appellant,
v.
Lou HESSE, Centennial Correctional Facility, Frank Gunter,
Director, Department of Corrections, Irving Jaquez, Housing
Major, Mr. Miller, Assistant Warden of Centennial, and K.R.
Gregg, E-Unit Captain, Defendants-Appellees.
 No. 93-1157.
 United States Court of Appeals, Tenth Circuit.
 Oct. 8, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Robert Wieghard, a prisoner in Colorado, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the Appellees Lou Hesse, Frank Gunter, Irving Jaquez, Frank Miller and K.R. Gregg violated his constitutional rights when they transferred him from maximum security/general population to maximum security/administrative segregation. The United States Magistrate Judge assigned to Appellant's case recommended that the complaint be dismissed for failure to state a claim. The United States District Court for the District of Colorado accepted the Magistrate's recommendation. This appeal follows.
 
 
 3
 The substance of Appellant's appeal is that the Magistrate did not make the necessary factual findings to support his recommendation. We disagree and therefore affirm the district court.
 
 
 4
 For purposes of the recommendation, the Magistrate assumed that Appellant's recitation of the facts, as summarized herein, was true. Appellant was approved for transfer from maximum security/administrative segregation to maximum security/general population in December 1991. As such, he was entitled to certain privileges like earned time and good time credit. In September 1992 the facility at which Appellant was housed announced that it was terminating the maximum security/general population and that prisoners in this group would be reviewed for progressive transfer to another facility or for placement in administrative segregation. A prison committee determined that Appellant would not be moved to a general population facility because of his "threats to staff and long history of drug problems." Record on Appeal, Doc. 15, at 2.
 
 
 5
 Appellant appeared at an administrative segregation hearing where he argued that administrative segregation was inappropriate because he had a good work rating for the prior ten months, no disciplinary violations within the past eighteen months and fulfilled the facility's requirements for admission into the general population. Appellant claims that the hearing officer stipulated to these facts and to his not being a management problem, but that the officer denied his requests to call witnesses and for a hearing before a three member panel. Ultimately, Appellant was placed in administrative segregation and unsuccessfully pursued an administrative appeal.
 
 
 6
 In his complaint to the district court, Appellant claimed that the above described conduct violated his rights to due process, to equal protection and to be free from cruel and unusual punishment. In recommending to dismiss for failure to state a claim, the Magistrate carefully and thoroughly examined every possible claim made by Appellant in light of his duty to liberally construe Appellant's complaint. After reviewing the record on appeal de novo, Hall v. Bellmon, 935 F.2d 1106 (10th Cir.), we are unable to find any error in or expand upon the Magistrate's well-reasoned recommendation. We therefore hold that the district court did not err in dismissing Appellant's complaint for failure to state a claim.
 
 
 7
 Appellant's other argument on appeal concerning the failure of the district court clerk to serve notice to the Appellees was not raised below and in any event is meritless because Appellant's complaint was clearly frivolous on its face. Id. (district court may sua sponte dismiss for failure to state a claim under either 28 U.S.C. § 1915(d) or Fed.R.Civ.P. 11).
 
 
 8
 Accordingly, we AFFIRM. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3