59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert J. O'CONNOR, Plaintiff-Appellant,
v.
HIDALGO, COUNTY OF, Lordsburg/Hidalgo Library; Betty Lazar,
Board of Directors; Fred Lamarca, Board of Directors;
Rodney Newton, Board of Directors; Judy Chase, Board of
Directors' Dorothy Stewart, Board of Directors; Lois
Saucedo, Board of Directors; George Craig, Board of
Directors, Defendants-Appellees.
 No. 95-2040
 D.C. No. CIV-95-49
 United States Court of Appeals, Tenth Circuit.
 June 21, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert J. O'Connor (O'Connor), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's Memorandum Opinion and Order of January 23, 1995, dismissing his claims with prejudice.
 
 
 3
 On January 17, 1995, O'Connor commenced this action pursuant to 42 U.S.C.1983, alleging a violation of his equal protection rights by the Lordsburg/Hidalgo Library's Board of Directors when they denied him the right to use the library's inter-library loan service. O'Connor claimed that the inter-library loan policy requiring a six month residency before an individual can use the library's inter-library loan service discriminates against "newly arrived residents." O'Connor further alleged that Hidalgo County was not a county; New Mexico was not a state; and "all government employees on all levels of government within the nonexistent state of New Mexico are herewith terminated."
 
 
 4
 The district court reviewed O'Connor's complaint sua sponte pursuant to 28 U.S.C.1915(d). After observing that a complaint may be dismissed under 28 U.S.C.1915(d) if found to be frivolous or malicious and under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the district court dismissed his action with prejudice. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (the district court may dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him to amend his complaint would be futile").
 
 
 5
 On appeal, O'Connor contends that he was denied due process of law because the district court dismissed his action before he was afforded an opportunity for discovery and a hearing.
 
 
 6
 We have reviewed the record and the briefs. We affirm substantially for the reasons set forth in the district court's Memorandum Opinion and Order of January 23, 1995. (R., Vol. I at Tab 4).
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470