**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES ELMER DOBSON,

    Plaintiff-Appellant,

v.

NATHAN A. McNALLY, JR., in his
official capacity as Crook County
Jailer; BRIAN MOORHOUSE, in his
official capacity as Crook County
Sheriff; TY STUTZMAN, in his
official capacity as Crook County
Deputy Sheriff; JOSEPH M. BARON,
in his official capacity as Crook
County Attorney; BILL RICE, in his
official capacity as Crook County
Deputy Attorney; DALE SANDER, in
his official capacity as Crook County
Deputy Sheriff; APRIL GLICK, in her
official capacity as Crook County
Deputy Sheriff; DOUGLAS DESKIN,
in his official capacity as Wyoming
Department of Transportation
Highway Patrol Office,

    Defendants-Appellees.

No. 98-8063
(D.C. No. 97-CV-0069-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

    [*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **SEYMOUR**, Chief Judge, **BARRETT**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

James Elmer Dobson, appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Dobson was allegedly arrested on or about September 5, 1996, and charged the following day with two counts of attempting to obtain property from another person by false pretense and with intent to defraud. Although the record is unclear, it appears he was detained in county jail for a brief period of time until he made bail. It also appears a search warrant was issued for his residence. The record does not indicate the outcome of the criminal proceedings.

Dobson filed his complaint on March 20, 1997, against various officials involved in his arrest and detainment, claiming he was entitled to $17 million in damages due to various violations of his constitutional rights. The three defendants who were members of the Wyoming judiciary moved to dismiss, asserting absolute judicial immunity. The district court granted their motion and

dismissed the causes of action against them without prejudice. Dobson attempted to appeal the dismissal, but this court dismissed his appeal for lack of jurisdiction, concluding the order was not a final appealable order. Dobson v. Waugh, 131 F.3d 151 (10th Cir. 1997) (table). The remaining defendants moved to dismiss the complaint for failure to state a claim. Dobson responded with a motion for summary judgment against all of the defendants, including those who were dismissed. The district court denied the motion for summary judgment and granted defendants' motion to dismiss, stating:

> The Court will grant Defendants' Motion to Dismiss. Simply put, Plaintiff's complaint fails to state the facts that form the basis of his claims. This renders the complaint largely incomprehensible and leaves the Court without means to assess Plaintiff's conclusory allegations of constitutional violations. Because Plaintiff appears pro se, the Court will allow Plaintiff twenty (20) days from the date of the hearing (May 21, 1998), in which to amend his complaint *by stating concisely and with specificity the underlying facts out of which his claims arise*.

Record, Doc. 42 at 1-2. Dobson filed an amended complaint against all of the original defendants on June 9, 1998. The district court dismissed the action on June 29, 1998, with prejudice due to plaintiff's failure "to amend his complaint as instructed by the Court." Record, Doc. 53 at 1.

We construe the district court's dismissal of Dobson's amended complaint as a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and review the dismissal de novo, taking all of the

-3-

plaintiff's well-pleaded allegations as true and construing them in the light most favorable to plaintiff. See Yoder v. Honeywell, Inc., 104 F.3d 1215, 1224 (10th Cir.), cert. denied 118 S. Ct. 55 (1997). Although we must liberally construe a pro se plaintiff's complaint, we may not accept as true those allegations that are conclusory in nature. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). Under Rule 12(b)(6), a district court may dismiss a complaint that does not contain a "short and plain statement of the claim," as required by Fed. R. Civ. P. 8(a)(2), if there appears to be no set of facts on which plaintiff may state a claim for relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir. 1989).

At the outset, we note Dobson's amended complaint, though somewhat more specific than his original complaint, substantially fails to describe the grounds upon which his claim rests. The amended complaint (like the original complaint) is largely comprised of conclusory allegations of constitutional deprivations apparently arising out of Dobson's arrest and subsequent confinement. Even taking into account information contained in supporting exhibits attached to the amended complaint, we are left with serious questions about the claims Dobson is attempting to assert.

Even assuming, arguendo, that Dobson's amended complaint satisfies the requirements of Rule 8(a), we conclude he has failed to state a claim upon which relief can be granted against any of the named defendants. The three members of the Wyoming judiciary are entitled to absolute judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). The two county prosecutors involved in the prosecution of Dobson's criminal case are entitled to immunity from suit under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 420-24 (1976).

The amended complaint fails to demonstrate that Dobson is entitled to any legal relief arising from the actions of the highway patrol officer who allegedly arrested Dobson. Although Dobson alleges the officer arrested him "without the proper and lawful paperwork," there is no assertion the officer lacked probable cause to arrest Dobson, as would be necessary to prevail under § 1983 on a claim of unlawful arrest. See Thompson v. City of Lawrence, 58 F.3d 1511, 1515 (10th Cir. 1995); Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir. 1985); see also Beck v. Ohio, 379 U.S. 89, 91 (1964) (warrantless arrest permissible if probable cause exists to believe person has committed crime).

With respect to the three county law enforcement officers who were allegedly involved in execution of a search warrant at Dobson's residence, the amended complaint contains only conclusory allegations of constitutional violations. The complaint asserts they "violated Plaintiff's GOD Given rights,

and Constitutionally Secured Rights by Search and Seizing the property of the Plaintiff, which denied Plaintiff Due Process of Law." Record, Doc. 44 at 3. The amended complaint does not assert the search warrant (a copy of which is attached to the amended complaint) was not supported by probable cause or that the officers failed to comply with the terms of the warrant. See generally United States v. Kennedy, 131 F.3d 1371, 1375 (10th Cir. 1997), cert. denied 119 S. Ct. 151 (1998); United States v. Medlin, 842 F.2d 1194, 1199 (10th Cir. 1988).

Finally, as to the two remaining defendants who were allegedly involved in Dobson's post-arrest detainment in the county jail, there is no basis for concluding they violated Dobson's constitutional rights. Even assuming, as alleged by Dobson, they refused to allow him to use various herbal teas (allegedly for self-medication) and required that he sign his name on a fingerprint card, we conclude this is insufficient to demonstrate Dobson was subjected to any constitutional deprivations. See, e.g., White v. State of Colo., 157 F.3d 1226, 1233-34 (10th Cir. 1998) (to state cognizable claim under Eighth Amendment, prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Per Curiam