**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LI XIN JIE,

          Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

          Respondent.

No. 10-9586
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

---

Pro se petitioner Li Xin Jie, a native and citizen of China, petitions this

court for review of the decision of the Board of Immigration Appeals (BIA)

dismissing his appeal from a decision of an immigration judge (IJ) denying his

application for asylum, withholding of removal, and protection under the

Convention Against Torture, and ordering him removed to China. At the agency

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

level, petitioner argued that he would be persecuted in China (1) because of his homosexuality or bisexuality, and (2) for violating China's population control policies by having two United States citizen children. The BIA held as to the first contention that petitioner had failed to "specifically allege[]" that he had previously been persecuted in China due to his sexual orientation and that he had failed to establish a well-founded fear of future persecution on this ground. Admin. R. at 4. Looking mainly at a United States Department of State report, the BIA held that "the record does not establish official persecution or evidence of private persecution [of homosexuals] that the government is unable or unwilling to control." *Id*. As to the second contention, the BIA held that petitioner's

> fear that he will be sterilized in China because he violated the single child policy is unsupported by the record because, in a separate proceeding, an Immigration Judge granted his wife's claim for withholding of removal. Given that the [petitioner's] wife has not been ordered removed to China, his United States citizen children do not have to return there with her. As a result, the [petitioner's] children would not be counted against him for purposes of the family planning program if he is returned to China.

*Id*. at 4-5. The BIA dismissed petitioner's appeal.

Petitioner has appealed the BIA's dismissal.

> The scope of our review is governed by the form of the BIA decision. Where[, such as here,] the BIA issues its own opinion dismissing the appeal in a single-member decision pursuant to 8 C.F.R. § 1003.1(e)(5), the order constitutes the final order of removal under 8 U.S.C. § 1252(a).

*Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011) (citations omitted)

(internal quotation marks omitted).

> In our review of the agency's decision, we decide purely legal questions *de novo*. Agency findings of fact are reviewed under the substantial evidence standard. Under this standard of review, agency findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. In this circuit, the determination whether an alien has demonstrated persecution is a question of fact.

*Id*. at 974 (citations omitted) (internal quotation marks omitted).

Petitioner first argues that he would be persecuted because of his

homosexuality or bisexuality if he were returned to China. He alleges:

> Police was looking for me to put me into mental hospital for being a gay. I was discriminated in China for being a gay. The situation of being a gay is very miserable in China because they are [not] treated as a normal human being. In China being gay is considered a form of mental disease and abnormal behavior that brings bad influence to the society, while I thought being gay, in social law, was the freedom of human rights and should not be put into mental hospital. I would rather die than to be put into mental hospital.

Pet'r Br. at 5. Petitioner also claims that the police closed down his cosmetics

shop because he was gay. *Id*.

Petitioner asserts that the BIA erred in concluding that he would not be

imprisoned due to his homosexuality if returned to China. But he does not

address the BIA's determination that his testimony that he would be imprisoned in

China because of his homosexuality or bisexuality was not consistent with the

State Department report on China's treatment of homosexuals or the BIA's

-3-

conclusion that the documentary evidence submitted to support his claim of pending imprisonment was entitled to "little weight." Admin. R. at 4. Petitioner presented a document purportedly from the "Changle City Village Resident Committee," stating petitioner would be committed to a mental hospital if he returned due to his homosexuality. *Id*. The BIA noted that the document was unsigned and the author unidentified, it was not authenticated, and it appeared to have been obtained for the purpose of the hearing. *Id*. Petitioner's brief to this court merely repeats in a conclusory manner his assertion that the police wanted to put him in a mental hospital for being gay and that they closed down his cosmetic shop after they could not find him. We hold the BIA's determination that petitioner had not established a well-founded fear of persecution based on sexual orientation if returned to China is supported by substantial evidence.

As noted above, petitioner also argued to the agency that he would be persecuted in China for violating China's population control policies by having two United States citizen children. His only reference to this assertion on appeal is the claim that "I will be sterilized if I return back [to] China" and that he wants to have another girl. Pet'r Br. at 5. Petitioner makes no argument supporting this assertion. Most importantly, he does not contest the BIA's determination that his citizen children, because they do not have to leave the United States, would not be counted against him for the purposes of China's population control policies. Although we must liberally construe petitioner's pro se brief, *see Hall v. Bellmon*,

-4-

935 F.2d 1106, 1110 (10th Cir. 1991), we will not craft petitioner's arguments for him where his allegations are conclusory in nature. *Id.*

Finally, we note that the majority of petitioner's brief to this court concerns not the arguments discussed above but, instead, his struggle reconciling his sexual orientation with his deep Christian beliefs, and his assertion that he would be persecuted if he were returned to China on the basis of those Christian beliefs. But petitioner never raised religion as a ground for asylum in the administrative proceedings and we may not address it for the first time here. *See* 8 U.S.C. § 1252(d)(1) (requiring an alien to exhaust all administrative remedies available to him prior to court review of a final removal order); *Garcia-Carbajal v. Holder*, 625 F.3d 1233, 1237 (10th Cir. 2010) (holding that "[t]o satisfy § 1252(d)(1), an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court").

The petition for review is DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-5-