**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TONY LAMAR VANN, trustee of the
Estate of Viola Elizabeth Ebbs a/k/a
Viola Brown, deceased,

      Plaintiff - Appellant,

v.

DENNIS L. WIENEKE; PEGGY L.
WIENEKE; RANDLE LONG;
PATRICIA LONG; ESTATE OF
ALONZO BROWN; REBECCA
BROWN, deceased; LELA M. SALES,
deceased and heirs; JUDGE DeLAPP;
THE STATE OF OKLAHOMA;
DAVID PISON; JERRY D. CASH;
BILL D. PHILLIPS; CLAYTON
TAYLOR; W. M. PECK;
CHARLES W. HANCOCK;
CLINTON BEARD; JEROME E.
FINK; and BERNARD M. ROBERTS,
of Quest Resource Corporation,

      Defendants - Appellees.

No. 11-5073
(D.C. No. 4:11-CV-00180-JHP-FHM)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Tony L. Vann, as Trustee of the Estate of Viola Elizabeth Ebbs a/k/a Viola Brown, and proceeding *pro se*, appeals the dismissal of his complaint against multiple defendants, on the ground that each of his many claims is either frivolous or fails to state a claim on which relief may be granted. We affirm.

We take the basic facts from the district court's order dismissing this case. In a pleading titled "Complaint Under the Civil Rights Act 42 U.S.C. 1983-1985," Mr. Vann apparently attempted to file a Petition in Nowata County, Oklahoma, state court without payment of costs. In March 2011, state court Judge DeLapp of the Nowata County Court, a named defendant in this case, denied Mr. Vann's motion to proceed without prepayment of costs. Mr. Vann then brought this case to federal court, seeking redress under 42 U.S.C. §§ 1983 and 1985, claiming that he was denied access to Oklahoma state court in violation of his rights under federal law.

His particular factual allegations are that Judge DeLapp conspired with other defendants to deny him access to the courts "due to the fact said defendants are members of the KKK white <u>supremacy group</u>." Complaint at 3, R. Vol. 1 at

17. Mr. Vann additionally appears to incorporate into his federal complaint the allegations of his state court petition, in which he claims that multiple defendants fraudulently misrepresented themselves and breached contracts in order to wrongfully create and benefit from oil and gas leases on property owned by the estate for which Mr. Vann serves as the trustee. Mr. Vann claims the alleged fraud has continued since 1913.

In addition to his § 1983 and § 1985 claims, Mr. Vann includes counts of fraudulent misrepresentation under Oklahoma law, breach of contracts, failure to comply with 28 U.S.C. § 1915, criminal fraud under 18 U.S.C. § 1342, conspiracy against rights, and violation of the Thirteenth Amendment to the United States Constitution. He requests relief in the amount of $200,000,000,000.00 (two hundred billion dollars) in damages.

While acknowledging that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the district court carefully and methodically explained why each of Mr. Vann's claims had to be dismissed. We do not need to improve on the district court's analysis and explanation. Accordingly, we affirm the dismissal of this appeal for substantially the reasons set forth in the district court's order dated May 4, 2011.

AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge