**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROY LEE HALL,

        Petitioner-Appellant,

v.

JAMES EZELL, Warden,

        Respondent-Appellee.

No. 12-6079

(W. D. Okla.)

(D.C. No. 5:11-CV-00390-C)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Roy Lee Hall, an Oklahoma state prisoner, seeks a certificate of

appealability (COA) to enable him to appeal the district court's denial of his

28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under

28 U.S.C. §§ 1291 and 2253(a), and we construe Hall's filings liberally because

he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th

Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We conclude the district court correctly disposed of Hall's petition, and therefore DENY the application for a COA, DENY the motion to proceed in forma pauperis, and DISMISS the appeal.

According to the evidence presented at Hall's jury trial in Oklahoma County District Court, law enforcement personnel searched Hall's car with his consent in March 2005 and found a plastic bag containing what turned out to be more than twelve grams of a substance that tested positive for cocaine base. The jury convicted Hall of trafficking in crack cocaine. In part due to two or more previous felony convictions, the Oklahoma court sentenced Hall to 30 years' imprisonment.

On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Hall argued (as relevant here) that the trial court (1) improperly defined "reasonable doubt" for the jury, (2) improperly instructed the jury regarding the range of punishment, and (3) failed to instruct the jury on a lesser included offense. The OCCA rejected each of these arguments.

Hall then filed a 28 U.S.C. § 2254 petition in district court. He raised the same three grounds for relief and attached his OCCA brief as support. A magistrate judge carefully evaluated Hall's arguments and filed a report and recommendation (R&R). *See Hall v. Ezell*, No. 5:11-cv-00390-C, ECF No. 18 (W.D. Okla. Feb. 12, 2012). The R&R recommended denying Hall's petition on all grounds. Hall timely objected but the district judge overruled Hall's

objections, adopted the R&R in full, and denied Hall's petition. *Id.*, ECF Nos. 20, 21 (Mar. 5, 2012).

Hall now appeals, once again raising the same three grounds for relief and attaching his OCCA brief as support. Hall must persuade us that the OCCA unreasonably applied federal law in denying his claims on direct appeal. 28 U.S.C. § 2254(d). His arguments, however, are unconvincing. Accordingly, for substantially the same reasons as the magistrate judge, we deny relief.

First, as to the jury instruction defining reasonable doubt, the magistrate judge properly concluded that Hall's failure to object to the instruction at trial requires us to review his claim under the fundamental fairness standard. In other words, Hall must show that the instruction was "so fundamentally unfair as to deprive [him] of a fair trial." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997) (internal quotation omitted). Having reviewed the trial court's reasonable doubt instruction and Hall's arguments against it, we agree with the magistrate judge and the district court that Hall has not met this burden.

In his second ground for relief, Hall argues the trial court improperly instructed the jury concerning the range of potential punishment. Hall's argument relies on the assertion that the mandatory minimum sentence for basic cocaine trafficking at the time of Hall's offense was lower than it is now (two years rather than five years) and the trial court's failure to realize that led to an erroneous sentencing range by way of: (1) Okla. Stat. tit. 63, § 2-415(D)(1), which doubles

the mandatory minimum for those convicted of trafficking five or more grams of cocaine base, thus bringing Hall's minimum punishment up to ten years (according to the trial court) or four years (according to Hall); and (2) Okla. Stat. tit. 21, § 51.1(C), which triples the minimum prison term for three-time felony offenders, thus raising Hall's potential punishment to a minimum of thirty years (according to the trial court) or twelve years (according to Hall).

Hall's argument is flawed from the outset. When Hall committed his offense in March 2005, the mandatory minimum term for cocaine trafficking was five years, not two. *See* Okla. Stat. tit. 63, § 2-401(B)(1) (2005) (specifying that those convicted of narcotics trafficking "shall be sentenced to a term of imprisonment for not less than five (5) years"). Recognizing this, the magistrate judge correctly concluded Hall's sentencing range argument provides no basis for habeas relief.

Finally, Hall argues his trial was constitutionally deficient because the trial court failed to provide a lesser included offense instruction. As the magistrate judge noted, however, "[t]he Supreme Court has never recognized a federal constitutional right to a lesser included offense instruction in non-capital cases, and neither has this court." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004) (citation omitted). Indeed, "[o]ur precedents establish a rule of 'automatic non-reviewability' for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction." *Id*. Accordingly, Hall raises

no colorable basis for habeas relief based on the failure to include a lesser included offense instruction.

For the reasons set forth above, we DENY the application for a COA, DENY the motion to proceed in forma pauperis, and DISMISS the appeal.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge