FILED
United States Court of Appeals
Tenth Circuit

February 27, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FERNANDO DE
LOERA-HERNANDEZ,

Defendant-Appellant.

No. 11-6129
(D.C. No. 5:10-CR-00378-C-1)
(W.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Fernando De Loera-Hernandez appeals the sentence imposed following his

guilty plea to unlawful reentry into the United States in violation of 8 U.S.C.

§ 1326(a). The district court sentenced him to 70 months in prison, within the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

range indicated by the United States Sentencing Guidelines ("Guidelines"). Our jurisdiction arises from 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Beginning in 1995, De Loera-Hernandez was repeatedly convicted of drug-trafficking crimes and deported to Mexico. Each time he was deported, he reentered the United States. The basis for the underlying charge in this case was an illegal reentry in August 2010. De Loera-Hernandez asserts that he was justified in coming back into the United States to see his father, who he believed was on his deathbed, and his infant son, who was very ill.

De Loera-Hernandez pled guilty to the charge of illegal reentry. Thereafter, the United States Probation Office prepared a presentence report ("PSR"), that calculated De Loera-Hernandez's sentence pursuant to the Guidelines. According to the PSR, the appropriate sentencing range under the Guidelines was 70 to 87 months in prison.

The district court imposed 70 months, explaining that the sentence was necessary to convince De Loera-Hernandez that he could not keep reentering the United States illegally, and that each time he reentered and committed crimes, the sentence would be higher. The court determined it "necessary to have a sentence higher than [he] received the last time in order to fulfill that promise," Aplt. App. at 27, and concluded that a sentence at the bottom of the Guidelines range was appropriate.

De Loera-Hernandez challenges the substantive reasonableness of his sentence, asserting that fundamental fairness and due process of law mandate a shorter sentence. He also contends that due to his trial counsel's illness, his counsel rendered ineffective assistance, causing him to miss various opportunities to receive a shorter sentence. Specifically, he claims his attorney was ineffective because he was denied the following opportunities: (1) to go over the PSR with counsel; (2) to file a motion for downward variance based on cultural assimilation, double counting, and disproportionate impact; and (3) to discuss with the prosecutor the possibility of a Rule 11 hearing.[1]

"We review the district court's sentence for reasonableness in light of the [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009). A sentence within the properly calculated Guidelines range is entitled to "a presumption of substantive reasonableness." *Id.*

For his claim that his sentence is substantively unreasonable, De Loera-Hernandez has argued only that "[b]ecause of the health crisis of [his] Counsel, he was denied due process of law . . . on many levels." Aplt. Br. at 7. He contends in conclusory fashion that his rights to fundamental fairness and due process were violated. This perfunctory argument "fails to overcome the

---

[1]     De Loera-Hernandez also complains that he did not receive drug treatment while he was incarcerated in another case, but that issue was not before the district court and is not properly raised in this appeal.

presumption of reasonableness" accorded the within-Guidelines sentence. *Id.* at 1323. The record supports the district court's sentencing determination as substantively reasonable.

We do not consider De Loera-Hernandez's claim of ineffective assistance of trial counsel. Such claims "should be brought in collateral proceedings, not on direct appeal." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (internal quotation marks omitted). This court will dismiss "virtually all" ineffective-counsel claims brought on direct appeal because the claims should first be presented to the district court in collateral proceedings. *Id.* The district court may then develop the record and provide its views for the benefit of this court. *Id.*

De Loera-Hernandez's sentence is AFFIRMED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge