**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FERNANDO DE LOERA-
HERNANDEZ,

Defendant-Appellant.

No. 13-6102

(W.D. of Okla.)

(D.C. Nos. 5:13-CV-00052-C and
5:10-CR-00378-C-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Fernando De Loera-Hernandez seeks a certificate of appealability (COA) to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we DENY the application for a COA and DISMISS the appeal.

De Loera-Hernandez pleaded guilty to unlawfully reentering the United States in violation of 8 U.S.C. § 1326. The district court imposed a sentence of 70 months, which De Loera-Hernandez appealed to this court and we affirmed. *United States v. De Loera-Hernandez*, 458 F. App'x 779, 780 (10th Cir. 2012).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Subsequently, De Loera-Hernandez, proceeding *pro se,* filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing his sentence is unreasonable and that he received ineffective assistance of counsel. The district court denied his motion, and he seeks a COA to appeal to this court.

## Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to obtain a COA before he can appeal denial of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA requires the applicant to make a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

Here, De Loera-Hernandez argues his constitutional rights were denied because his sentence is substantively unreasonable and he received ineffective assistance of counsel.

### A.      *Substantive Reasonableness*

De Loera-Hernandez previously challenged the substantive reasonableness of his sentence on direct appeal. We held that the "record supports the district court's sentencing determination as substantively reasonable." *De Loera-Hernandez*, 458 F. App'x at 780. As a result, this issue has been decided, and the district court rightly declined to reexamine it in the context of De Loera-Hernandez's § 2255 motion.

### B.	*Assistance of Counsel*

De Loera-Hernandez also argues that he received ineffective assistance of counsel. He raises four alleged errors.

*First*, he contends his attorney failed to timely secure the presentence report. Federal Rule of Criminal Procedure 32(e)(2) provides that a defendant should receive the presentence report 35 days before sentencing, but De Loera-Hernandez did not receive his presentence report until the day of his sentencing hearing. The court recessed to allow him, his attorney, and an interpreter to review it. When court resumed, De Loera-Hernandez did not object to the report's untimely delivery.

As the district court correctly identified, this court has held that failure to timely object to a violation of Rule 32(e)(2) constitutes waiver and prevents the defendant from raising the issue on appeal. *United States v. Jones*, 80 F.3d 436, 438 (10th Cir. 1996).

Even if De Loera-Hernandez had not waived this argument, it would not merit granting a COA. To prevail, the defendant must show that 1) his counsel's performance fell below an objective standard of reasonableness and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011) (quoting *Strickland v. Washington,* 466 U.S. 668 (1984)). De Loera-Hernandez does not make any attempt to establish that, if his

counsel had given him more time to review the report, the result of the proceeding would have been different. Although he suggests there were errors in the report, he does not explain what those errors were or argue that correcting them would have affected the court's decision.

*Second*, De Loera-Hernandez argues that his attorney failed to present evidence of his family situation, which De Loera-Hernandez believes would have mitigated his sentence. For the same reasons as the district court, we conclude his attorney did, in fact, present this type of evidence and that the court considered it before issuing a sentence. Therefore, we cannot conclude that his attorney erred in this regard at all, let alone that such error resulted in prejudice.

*Third*, De Loera-Hernandez argues the court failed to consider disparities between his sentence and those of prisoners in fast-track districts. Although he may be presenting this argument to suggest that his sentence is substantively unreasonable, we have previously decided his sentence is reasonable and need not reconsider here. *De Loera-Hernandez*, 458 F. App'x at 780.

Because De Loera-Hernandez is a *pro se* defendant, however, we construe his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, we consider this argument in the context of De Loera-Hernandez's ineffective assistance of counsel claim, which has not previously been decided.

The district court was not persuaded that there was a disparity between De Loera-Hernandez's sentence and the sentence he might have received in a fast-

track district because De Loera-Hernandez failed to establish that he would have been eligible for a fast-track program in another district.

De Loera-Hernandez now seeks to establish eligibility by identifying a defendant charged with the same crime in another district who qualified for fast-track treatment. *See United States v. Lopez-Macias*, 661 F.3d 485, 494 (10th Cir. 2011). But, again, De Loera-Hernandez fails to show a reasonable probability that, if his attorney had argued this point, the result of the proceeding would have been different. Sentencing disparities are one part of a multi-factor analysis under 18 U.S.C. § 3353. Further, the district court already decreased De Loera-Hernandez's total offense level due to his acceptance of responsibility and issued the minimum sentence permitted by the Guidelines. Therefore, De Loera-Hernandez has not established a reasonable probability that the outcome would have been different but for his attorney's alleged error.

*Fourth*, De Loera-Hernandez argues his counsel failed to fully develop issues raised in his direct appeal, which resulted in this court's decision to affirm the sentence. But De Loera-Hernandez again fails to suggest that, had his counsel more fully fleshed out a particular argument, it would have likely persuaded this court to reverse the sentence.

## Conclusion

De Loera-Hernandez has failed to make a substantial showing of the denial of a constitutional right, and we DENY his request for a COA and DISMISS the

appeal.  Further, we DENY his request to proceed *in forma pauperis* and order him to pay the full amount of the filing fee.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge