**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BENJAMIN D. VELAYO,

     Plaintiff - Appellant,

v.

JOHN TALAMAYAN, Officer of the V.A.
Medical Center Police Department;
VICTOR GRABBE, Major of the V.A.
Medical Center Police Department,

     Defendants - Appellees.

No. 18-3103
(D.C. No. 2:17-CV-02713-CM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    Benjamin Velayo appeals the district court's dismissal of his civil rights

complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

    Velayo filed a complaint against John Talamayan and Victor Grabbe. He

alleged without elaboration that Talamayan, a Veterans Affairs ("VA") police officer,

violated his "privacy rights on January 13, 2016 at [his] apartment" and that Grabbe

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

covered up this violation. A magistrate judge recommended that the complaint be dismissed for failure to state a claim. Velayo objected, stating that Talamayan approached him at his apartment, in a cafeteria, and while exercising on the VA campus, and that Grabbe had instructed officers not to approach Velayo's apartment building. The district court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B). Velayo timely appealed.

We review de novo a district court's sua sponte dismissal of a complaint pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir.1999). "We must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." David v. City & Cty. of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996) (quotation omitted). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Because Velayo is pro se, we construe his filings liberally, but we may not act as his advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

We agree with the district court that Velayo has failed to state a claim. Even taking into account the additional allegations contained in his objection to the magistrate judge's recommendation, Velayo has not pled sufficient facts to make out a plausible violation of his constitutional rights. In his appellate briefing, Velayo adds further detail, indicating that Talamayan knocked on the door of his apartment and "glimpsed inside" when Velayo answered. But even if we were to consider these additional allegations, Velayo has not made out a claim. See United States v.

2

Carloss, 818 F.3d 988, 992 (10th Cir. 2016) ("[P]olice officers do not violate the Fourth Amendment by going to the front door of a home and knocking, seeking to speak with the occupants.").

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge