FILED
United States Court of Appeals
Tenth Circuit

August 12, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JERRY BRAKEBILL and
BARBARA MULLINS
BRAKEBILL;

     Plaintiffs-Appellants,

v.

BANK OF AMERICA and
CARRINGTON MORTGAGE
SERVICES;

     Defendants-Appellees.

No. 19-7001
(D.C. No. 6:18-CV-00104-RAW)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MCKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. and Mrs. Brakebill filed a pro se complaint alleging that Bank of

America, N.A. and Carrington Mortgage Services, L.L.C. violated Treasury

Department guidelines for the federal Home Affordable Modification

Program. Based on these allegations, the Brakebills moved for appointment

---

[*]    Oral argument would not materially help us to decide this appeal, so
we have decided the appeal based on the appellate briefs and the record on
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

of counsel and asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and unfair and deceptive acts and practices.

The district court denied the motion to appoint counsel, dismissed the causes of action against Carrington for failure to state a valid claim, and dismissed the causes of action against Bank of America for res judicata, failure to state a valid claim, and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The Brakebills appeal.[1]

In their opening appeal brief, the Brakebills make two arguments:

1.  The Bank of America breached a contract that it had with the Brakebills.

2.  The district court erred in refusing to appoint counsel.

## 1. Carrington

The district court dismissed the causes of action against Carrington for failure to state a valid claim, reasoning that

- the Home Affordable Modification Program did not provide a right of action against Carrington and

- the Bank of America's agreement with the Treasury Department regarding the Home Affordable Modification Program does not provide borrowers with legal rights.[2]

---

[1]    In their opening appeal brief, the Brakebills include a request for reconsideration that references motions filed in another case. We lack authority to act on this request.

[2]    The district court also explained that Oklahoma law does not recognize a loan servicer's failure to comply with the Home Affordable Modification Program as a defense to foreclosure.

In their appeal briefs, the Brakebills do not address the dismissal of their claims against Carrington or the district court's reasoning on these claims. Though the Brakebills are pro se, we cannot craft arguments for them. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We thus affirm the dismissal of the causes of action against Carrington.

**2.    Bank of America**

The district court dismissed the claims against Bank of America for failure to state a valid claim, violation of Rule 8 of the Federal Rules of Civil Procedure, and res judicata. In appealing the dismissal of the claims against the Bank of America, the Brakebills argue that

- they had an enforceable contract to modify their loan and
- the Bank of America breached this contract.

But the Brakebills do not address the district court's reliance on either res judicata or Rule 8 as independent grounds for dismissal. As we previously explained, we cannot craft arguments for the Brakebills even though they are acting pro se. *See* Part 1, above. In the absence of a challenge to the district court's reliance on res judicata or Rule 8, we must affirm the dismissal of the claims against Bank of America.

**3.    Appointment of Counsel**

The Brakebills also argue that the district court should have appointed counsel. But the district court can't appoint counsel in civil

cases; the court can only request an attorney to take the case. *Rachel v. Troutt*, 820 F.3d 390, 396 (10th Cir. 2016); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). In reviewing the district court's decision whether to make such a request, we apply the abuse-of-discretion standard. *Rachel*, 820 F.3d at 397. Given the limited supply of attorneys willing to accept these requests, the district court must exercise discretion in deciding when to seek representation for a pro se litigant. *See id.*

In denying the motion to appoint counsel, the district court considered the strength of the Brakebills' claims, the nature of the factual issues, and the ability of the Brakebills to investigate those issues. We conclude that the district court did not abuse its discretion in denying the motion on these grounds.

Affirmed.

Entered for the Court

Robert E. Bacharach
Circuit Judge