**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

COMMODITY FUTURES TRADING
COMMISSION; STATE OF UTAH
DIVISION OF SECURITIES, through
Attorney General, Sean D. Reyes,

     Plaintiffs - Appellees,

v.

RUST RARE COIN INC., a Utah
corporation; GAYLEN DEAN RUST, an
individual; DENISE GUNDERSON
RUST, an individual; JOSHUA DANIEL
RUST, an individual;

     Defendants,

and

ALEESHA RUST FRANKLIN,
an individual, R LEGACY RACING INC.,
a Utah corporation, R LEGACY
ENTERTAINMENT LLC, a Utah limited
liability company, and R LEGACY
INVESTMENTS LLC, a Utah limited
liability company,

     Relief Defendants.

------------------------------

ANDREW JOHNSON; TALLY
JOHNSON,

     Movants - Appellants,

and

No. 19-4100
(D.C. No. 2:18-cv-00892-TC-DBP)
(D. Utah)

JONATHAN O. HAFEN,

    Receiver - Appellee.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Andrew Johnson and Tally Johnson (the "Johnsons"), proceeding pro se, moved under Federal Rule of Civil Procedure 24(a) to intervene as of right in an enforcement action filed by the federal Commodity Futures Trading Commission ("CFTC") and the State of Utah Division of Securities ("UDS"). The district court denied the Johnsons' motion, holding they failed to show that their interest in the property that is the subject of the enforcement action will be impaired or impeded absent intervention. Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "An order denying intervention is final and subject to immediate review if it prevents the applicant from becoming a party to an action." Hutchinson v. Pfeil, 211 F.3d 515, 518 (10th Cir. 2000) (quotation omitted).

2

**I**

In November 2018, the CFTC and the UDS brought an enforcement action under the Commodities Exchange Act ("CEA") and the Utah Uniform Securities Act against individual defendants and a business, Rust Rare Coin, Inc. The amended complaint alleges that the defendants operated a Ponzi scheme by which they fraudulently solicited money from investors to buy, pool, and trade physical silver but instead used the money to pay earlier investors, fund business ventures, and pay personal expenses. The district court entered an ex parte order freezing Rust Rare Coin's assets and appointed a Receiver to identify, marshal, and preserve the assets in the receivership estate.

Shortly before the enforcement action commenced, the Johnsons agreed to purchase gold coins from Rust Rare Coin. After they wired over $96,000 to the business's bank account, the district court froze Rust Rare Coin's assets. Consequently, the transaction was not completed.

Under Federal Rule of Civil Procedure 24(a), the Johnsons moved to intervene as of right in the enforcement action. Denying the motion, the district court held that the Johnsons failed to demonstrate that the disposition of the enforcement action may, as a practical matter, impair their ability to protect their interest in the property that is the subject of the action. Citing Commodity Futures Trading Commission v. Chilcott Portfolio Management, Inc., 725 F.2d 584 (10th Cir. 1984), the court explained that "[i]n an enforcement action such as this, where an applicant for intervention seeks to resolve a claim against a receivership estate, the applicant's

3

interest is protected when it has the opportunity to bring the claim without intervening."

The court concluded the Johnsons had such an opportunity. Pursuant to the claim resolution procedure implemented in this case, the Receiver had filed a motion to liquidate Rust Rare Coin's assets. The court explained that the procedure allowed claimants to file objections to the motion with the Receiver and seek discovery to support the objections.[2] The Receiver would then file the objections with the district court, and the court would conduct a hearing and issue a decision. This process protected the Johnsons' interests in the absence of intervention because it allowed them to present their claim to the gold coins or the wire-transferred funds "as if they were full parties" to the enforcement action. Accordingly, the district court denied the Johnsons' motion to intervene.

## II

We review de novo the district court's denial of the Johnsons' motion to intervene under Rule 24(a). See Kane Cty., Utah v. United States, 928 F.3d 877, 889 (10th Cir. 2019). Because the Johnsons are proceeding pro se on appeal, we construe their briefs liberally, but we do not act as their advocate. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[2] The Johnsons also sought to dismiss the enforcement action. The Receiver informed the district court that he had construed the Johnsons' motion to dismiss as an objection, and the court accepted this construction.

4

Under Rule 24, "a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." Kane Cty., 928 F.3d at 889. The district court denied the Johnsons' motion to intervene based on their failure to satisfy the third requirement—potential impairment of their interest—in light of the availability of the claim resolution procedure established in the enforcement action.

On appeal, the Johnsons fail to distinguish their circumstances from those we considered in Chilcott. They contend that they were not investors in defendants' alleged Ponzi scheme but were merely customers of Rust Rare Coin seeking to purchase gold coins. But in Chilcott, a similar case involving a CFTC enforcement action and claim resolution procedure, we rejected a similar argument by a would-be intervenor that the defendants held his funds as a "mere bailee." 725 F.2d at 585-86. We affirmed the district court's denial of the motion to intervene, holding that the claims procedure set up by the court-appointed receiver would protect the movant's interest in the assets controlled by the receiver. See id. at 587. The Johnsons advance no argument that the claim resolution procedure set up by the district court in this case is inadequate to protect their claims because they are merely customers of Rust Rare Coin.

The Johnsons also assert that their property (presumably the gold coins they attempted to purchase) is not fungible and is not part of the holdings of Rust Rare Coin. To the extent they argue that their claim is thus entitled to priority, or that the

5

claim resolution procedure does not "fit" their circumstances, we rejected similar contentions in Chilcott. See id. at 586 (holding movant was not foreclosed from asserting his priority claim pursuant to the claims procedure); id. at 587 (rejecting contention that the claims procedure was inadequate for movant's purposes). And again, the Johnsons advance no argument that the claim resolution procedure is inadequate to resolve their contentions relating to the fungibility of their property.

Additionally, the Johnsons argue that their interest in their property is impaired because the claim resolution procedure has delayed them from obtaining their property. Again in Chilcott, we rejected substantially the same argument that "undue delay" renders a claim resolution procedure inadequate. Id. at 587.

Finally, the Johnsons contend that the district court lacked jurisdiction to address the CFTC's and the UDS's enforcement action. Specifically, they argue that silver is not a "commodity" under the CEA, and the United States District Courts are unconstitutional "legislative courts." They cite no authorities supporting these arguments, and they again advance no argument that the claim resolution procedure is inadequate to address them.

### III

Ultimately, the Johnsons fail to demonstrate that any aspect of their claim involving the gold coins or the wire-transferred funds cannot be asserted and resolved without impairment of their interest through the claim resolution procedure

6

established by the district court in the enforcement action.[3]  We therefore affirm the district court's denial of their motion to intervene as of right under Rule 24(a).  We also deny the Johnsons' motion to reconsider our order precluding them from filing an untimely second reply brief.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] The Johnsons devote a large portion of their opening brief to arguing the merits of their motion to dismiss.  As noted, the Receiver is treating their motion to dismiss as an objection pursuant to the claim resolution procedure.